IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT REVAK and MARGARET REVAK | : | CIVIL ACTION |
| | : | |
| vs. | : | No. 03-4822 |
| | : | |
| INTERFOREST TERMINAL UMBEA AB | : | |
| | : | |
| and | : | |
| | : | |
| WAGENBORG SHIPPING, B.V. | : | |

### DEFENDANT INTERFOREST TERMINAL UMEÅ AB'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE OPINION TESTIMONY OF DEFENDANT'S LIABILITY EXPERT DAVID P. POPE, PH.D.

Defendant Interforest Terminal Umeå AB ("Interforest"), by and through its attorneys, Rawle & Henderson LLP, respectfully files the within response in opposition to plaintiffs' Motion *in Limine* to preclude opinion testimony of defendant's liability expert, David P. Pope, Ph.D. at trial. In support thereof, Interforest avers as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. The report of Dr. Robert A. Erb, Ph.D. is a document that speak for itself. To the extent plaintiffs are attempting to characterize his report, such characterization is denied.

6. The report of Dr. Robert A. Erb, Ph.D. is a document that speak for itself. To the extent plaintiffs are attempting to characterize his report, such characterization is denied.

7. The report of Dr. Robert A. Erb, Ph.D. is a document that speak for itself. To the extent plaintiffs are attempting to characterize his report, such characterization is denied.

3172700-1

8. Admitted.

9. The report of Dr. David P. Pope, Ph.D. is a document that speak for itself. To the extent plaintiffs are attempting to characterize his report, such characterization is denied.

10. The report of Dr. David P. Pope, Ph.D. is a document that speak for itself. To the extent plaintiffs are attempting to characterize his report, such characterization is denied.

11. The report of Dr. David P. Pope, Ph.D. is a document that speak for itself. To the extent plaintiffs are attempting to characterize his report, such characterization is denied.

12. The report of Dr. David P. Pope, Ph.D. is a document that speak for itself. To the extent plaintiffs are attempting to characterize his report, such characterization is denied.

13. The report of Dr. David P. Pope, Ph.D. is a document that speak for itself. To the extent plaintiffs are attempting to characterize his report, such characterization is denied.

14. Denied. To the contrary, Dr. Pope opines that the sling was not overloaded at the time of the accident as the safe working load of the two slings combined was 7480 pounds, compared to the actual weight in the draft of 5500 pounds. The fact that the breaking load was almost ten times larger than the load placed on it at the time of the accident indicates that the sling had been severely damaged prior to the accident. Additionally, Dr. Pope noted that the left side of the sling underwent considerable lateral contraction, while the right side underwent little or no contraction indicating that the right side was subjected to much smaller loads at failure than the left side. This points to the fact that a portion of the fracture resulted from the sling having been pinched between a fixed object and the load during lifting. Under such condition, the left side of the fracture was placed under very high stress while the right side bore a much smaller load, resulting in both the pinching/cutting of the sling along the 50 mm length of the fracture and the lateral contraction on the left hand side. Dr. Pope opined that given the sling was so

severely damaged prior to the accident and that it failed while the load was being slightly repositioned, it is highly unlikely that it could have withstood the forces required to lift the draft out of the ship. See Dr. Pope's report and *curriculum vitae*, attached hereto as Exhibit "A." In other words, as a material engineer, the focus of Dr. Pope's analysis was the subject sling and how it failed, not as an accident reconstructionist or an expert on "standards."

15. Denied. To the contrary, Dr. Pope opines that the sling was not overloaded at the time of the accident as the safe working load of the two slings combined was 7480 pounds, compared to the actual weight in the draft of 5500 pounds. The fact that the breaking load was almost ten times larger than the load placed on it at the time of the accident indicates that the sling had been severely damaged prior to the accident. Additionally, Dr. Pope noted that the left side of the sling underwent considerable lateral contraction, while the right side underwent little or no contraction indicating that the right side was subjected to much smaller loads at failure than the left side. This points to the fact that a portion of the fracture resulted from the sling having been pinched between a fixed object and the load during lifting. Under such condition, the left side of the fracture was placed under very high stress while the right side bore a much smaller load, resulting in both the pinching/cutting of the sling along the 50 mm length of the fracture and the lateral contraction on the left hand side. Dr. Pope opined that given the sling was so severely damaged prior to the accident and that it failed while the load was being slightly repositioned, it is highly unlikely that it could have withstood the forces required to lift the draft out of the ship. See Dr. Pope's report and *curriculum vitae*, attached hereto as Exhibit "A."

16. The report of Dr. David P. Pope, Ph.D. is a document that speak for itself. To the extent plaintiffs are attempting to characterize his report, such characterization is denied.

17. The report of Dr. David P. Pope, Ph.D. is a document that speak for itself. To the extent plaintiffs are attempting to characterize his report, such characterization is denied.

18. Denied as a conclusion of law to which no response is required.

WHEREFORE, defendant Interforest Terminal Umeå AB respectfully requests this Court enter an Order in the form attached hereto denying plaintiffs' Motion *in Limine* to preclude the testimony of David P. Pope, Ph.D. at the trial of this case.

Respectfully submitted,

RAWLE & HENDERSON LLP

John T. Donovan, Esquire
Attorneys for Defendant,
Interforest Terminal Umeå AB
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200
(215) 575-2583

Dated: 8-27-09