IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT REVAK and MARGARET REVAK | : | CIVIL ACTION |
| | : | |
| vs. | : | No. 03-4822 |
| | : | |
| INTERFOREST TERMINAL UMBEA AB | : | |
| | : | |
| and | : | |
| | : | |
| WAGENBORG SHIPPING, B.V. | : | |

**CORRECTED MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
INTERFOREST TERMINAL UMEÅ AB'S RESPONSE ON OPPOSITION TO
PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF ALCOHOL
CONSUMPTION BY PLAINTIFF ROBERT REVAK**

Defendant Interforest Terminal Umeå AB ("Interforest"), by and through its attorneys, Rawle & Henderson LLP, respectfully submits the within corrected memorandum of law in opposition to plaintiffs' Motion *in Limine* to preclude evidence of alcohol consumption by plaintiff Robert Revak at trial. In support thereof, Interforest avers as follows:

I.   **FACTS**

This civil action was brought by plaintiffs Robert and Margaret Revak for personal injuries suffered by Robert Revak while working as a stevedore at Pier 80 in Philadelphia, Pennsylvania on September 8, 2002. Revak was unloading timber from the Morraborg, a vessel owned and operated by defendant Wagenborg Shipping B.V. ("Wagenborg"). Revak had been working in this capacity for years and was helping to guide down the "drafts" of timber that were being lifted by the Thackery crane operator. On one of the last "lifts" a draft of timber fell onto Revak as it was being hoisted from the ship's hold.

Plaintiff Robert Revak complains of difficulty with his balance. See David G. Cook, M.D. report attached as Exhibit "1," p. 3 to plaintiffs' Motion.

Plaintiff's medical records from Thomas Jefferson University Emergency Department indicate that on April 3, 1994, plaintiff was intoxicated and feel three to four feet onto his chest/head.  See records attached as Exhibit "3" to plaintiffs' Motion.[1]  On December 30, 2003, plaintiff's medical records from Thomas Jefferson University Emergency Department indicate he had 5-6 beers and fell from a standing position, lacerating his chin with loss of consciousness and being amnestic to events after having fallen.  See records attached as Exhibit "4" to plaintiffs' Motion.  Plaintiff's medical records from Thomas Jefferson University Emergency Department indicate that on January 1, 2005 plaintiff had "a few drinks, stood up and fainted."  A laceration on his right forehead was noted.  See records attached as Exhibit "5 to plaintiffs' Motion.

II.     **LEGAL ARGUMENT**

All relevant evidence is admissible, except as otherwise provided by law.  It is well-settled under the Federal Rules of Evidence that for evidence to be admissible, it must be relevant.  To be relevant, evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of that action more or less probable than it would be without the evidence."  Fed.R.Evid. 401.  Relevant is only excluded if its probative value is outweighed by the dangers of unfair prejudice, confusion, or misleading the jury, which here it is.  Fed.R.Evid. 403.  "Unfair prejudice" is defined as an undue tendency to suggest decision on an improper basis, commonly an emotional one.  See comment to Fed.R.Evid. 403.

Plaintiff's history of heavy alcohol use is relevant to future loss of earnings.  Evidence of alcohol consumption is relevant in assessing the plaintiff's life expectancy for the purpose of calculating damages.  Miller v. CONRAIL, 1999 U.S. Dist. LEXIS 812, *4-5 (E.D. Pa. Jan. 25,

---

[1] Defendant's memorandum of law has been corrected only to omit the following sentence previously inserted at footnote 1:  "The records from this incident make mention of questionable loss of consciousness, an occipital nondisplaced fracture and memory loss."

1999), citing Smith v. Southland Corp., 738 F. Supp. 923, 926 (E.D. Pa. 1990); Stramara v. Dorsey Trailers, Inc., 1998 U.S. Dist. LEXIS 19420, No. 96-7361, 1998 WL 848053 *3 (E.D. Pa. Dec. 7, 1998) (regular consumption of alcohol and prior methamphetamine addiction admissible to show effect on life expectancy).  Moreover, the argument that such evidence is more prejudicial than probative has been rejected.  Id. citing Stramara, 1998 U.S. Dist. LEXIS at *3 (citing Cook v. American S.S. Co., 53 F.3d 733, 743 (6th Cir. 1995)).  Evidence of drinking habits is also relevant to rebut expected expert testimony regarding the extent of a plaintiff's injuries.  Smith v. Southland Corp., 738 F. Supp. 923, 926 fn. 2 (E.D. Pa. 1990).  See also Kraus v. Taylor, 710 A.2d 1142 (Pa. Super. 1998), allocatur granted, 556 Pa. 257, 727 A.2d 1109 (1999), dismissed as improvidently granted, 560 Pa. 220, 743 A.2d 451 (2000) ("Our Superior Court has held that evidence of drug or alcohol use is relevant to evaluating future loss of earnings."); Dembinski v. Thomas, 48 Pa.D.&C.4th 353 (Lehigh Cty. 2000) (Evidence of drug or alcohol use is relevant to evaluating future loss of earnings.  Such evidence strongly suggests that a party's life expectancy deviates from the average and is relevant regardless of whether plaintiff introduces expert testimony or life expectancy tables.  Where the jury is required to assess future damages that, in part, depend on the life expectancy of a party, evidence of that party's drug use is admissible because such evidence is highly probative of the party's life expectancy.).

  Here, plaintiff's prior heavy use of alcohol is relevant and probative to the issue of proximate cause as it relates to plaintiff's medical and economic damage claims of earnings.  Plaintiff's prior use of alcohol with resultant injuries to his head is well documented in his medical records which has been confirmed by the reports of Dr. Cook and Dr. Sacchetti.  Plaintiff's physical condition as a result of his indulgences is obviously relevant.  See Stramara,

1998 U.S. Dist. LEXIS at *10. From plaintiff's medical records and previous history of heavy alcohol use which resulted in prior head injuries, a jury could determine that plaintiff had a history and pattern of abusing alcohol. A jury could further conclude that plaintiff's history of heavy alcohol use and resulting falls, rather than his injury resulting from this accident, is a result of his prior head injuries caused by the falls related to his alcohol use.

Additionally, plaintiff's prior documented alcohol use is relevant to rebut plaintiff's alleged balance issues. It is anticipated that plaintiff will assert that his 2003 and 2005 falls resulting in injury, were a result of balance problems. However, as evidenced by plaintiff's medical records, his 2003 and 2005 injuries were a result of his alcohol use, specifically, 5-6 beers in the 2003 incident and a purported "few drinks" in the 2005 incident, not from plaintiff's supposed balance issues. Accordingly, evidence of plaintiff's prior alcohol use is relevant in refuting plaintiff's allegation of balance issues.

### III.   CONCLUSION

For the foregoing reasons, defendant Interforest Terminal Umeå AB respectfully requests this Court enter an Order denying plaintiffs' Motion *in Limine* to preclude any evidence of alcohol consumption by the plaintiff Robert Revak at the trial of this case.

                                  RAWLE & HENDERSON LLP

                                  _____
                                  John T. Donovan, Esquire
                                  Attorneys for Defendant,
                                  Interforest Terminal Umeå AB
                                  The Widener Building
                                  One South Penn Square
                                  Philadelphia, PA 19107
                                  (215) 575-4200
Dated: August 28, 2009            (215) 575-2583

3179562-1                         4

## CERTIFICATE OF SERVICE

I, John T. Donovan, Esquire, counsel for Defendants, Interforest Terminal Umeå AB, do hereby certify that a copy of the foregoing Corrected Memorandum of Law in Support of Response to Motion *in Limine* to Preclude Evidence of Alcohol Consumption by Plaintiff Robert Revak has been electronically filed via ECF and served upon the following counsel of record:

> Stanley B. Gruber, Esquire
> Freedman and Lorry, P.C.
> 1601 Market Street
> 2nd Floor
> Philadelphia, PA 19103
>
> Edward J. Powers, Esquire
> Vandeventer Black, LLP
> 500 World Trade Center
> Norfolk, VA 23510

RAWLE & HENDERSON LLP

_____
John T. Donovan

Date: August 28, 2009